IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RMC DEVELOPMENT, LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:24-CV-00108 (WLS) |
| : | |
| STATE FARM FIRE AND : | |
| CASUALTY COMPANY, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

**I.   INTRODUCTION**

Before the Court is Defendant State Farm Fire and Casualty Company's Motion to Dismiss (Doc. 6) and Motion for Hearing (Doc. 7). After review, the Court denies both Motions. Although State Farm points to supposed deficiencies in RMC's allegations of breach, these deficiencies, to the extent they exist, do not run afoul of *Iqbal* or *Twombly*. And State Farm's attempt to impose a non-existent requirement on the form of RMC's demand letters is likewise unpersuasive. Because the Court easily resolves these arguments on the briefs alone no hearing is necessary.

**II.   PROCEDURAL BACKGROUND**

Plaintiff RMC Development, LLC commenced the above-captioned action by filing a Complaint (Doc. 1-1) in Lowndes County Superior Court. The Complaint asserts two claims. (*Id.* ¶¶ 27–39). Count I asserts a bad faith failure to settle claim under O.C.G.A. § 33-4-6. (*Id.* ¶¶ 27–34). Count II asserts a breach of contract claim. (*Id.* ¶¶ 35–39). On October 11, 2024, State Farm filed a Notice of Removal (Doc. 1) removing the action to this Court.

State Farm filed the instant Motion to Dismiss (Doc. 6) and Motion for Hearing (Doc. 7) on October 18, 2024. RMC filed a Response (Doc. 12) to State Farm's Motion to Dismiss on November 25, 2024. State Farm has not filed a reply. The Motions are thus fully briefed and are ripe for resolution.

### III.   MOTION TO DISMISS

#### A.   Standard of Review

Fed. R. Civ. P. 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

Generally, the Court may not consider materials outside of the pleading and its attached documents without converting the motion to dismiss into a motion for summary judgment. *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(d)). A limited exception to this rule exists, however, with respect to extrinsic material that is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024). This exception is referred to as the "incorporation by reference" doctrine. *See e.g.*, *Luke*

2

*v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (citing *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)).

### B. The Allegations

With this standard in mind, the Court briefly recounts the allegations in the Complaint. As alleged, RMC owns three properties in Valdosta, Georgia, at 1108 Hazel Drive, 1746 Almond Tree Place, and 1747 Almond Tree Place. (Doc. 1-1 ¶¶ 3, 11, 19). These properties were insured by State Farm with "coverage for hurricanes and/or wind damages" during the times relevant to the lawsuit. (*Id.* ¶¶ 3–4, 11–12, 19–20). On or about August 30, 2023, a windstorm damaged the covered properties. (*Id.* ¶¶ 5, 13, 21). The 1108 Hazel Drive property sustained $12,565.92 in damages, (*id.* ¶ 5), the 1746 Almond Tree Place property sustained $17,136.17 in damages, (*id.* ¶ 13), and the 1747 Almond Tree Place property sustained $12,465.76 in damages. (*Id.* ¶ 21).

RMC "timely reported [the Losses] to Defendant." (*Id.* ¶¶ 6, 14, 22). "The Loss[es] w[ere] covered under the Polic[ies] as a covered cause of loss." (*Id.* ¶¶ 7, 15, 23). RMC sent a demand of payment to State Farm and gave notice of its intent to take legal action against State Farm. (*Id.* ¶¶ 8, 16, 24). When RMC filed the Complaint, more than sixty days "ha[d] passed since Defendant's receipt of [RMC's] Demand." (*Id.* ¶¶ 10, 18, 26).

### C. The Merits

State Farm moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety. State Farm first contends that RMC has failed to allege a breach of contract with sufficient specificity to satisfy federal pleading standards, and second, that RMC failed to comply with the demand requirements for a Georgia bad faith failure to settle claim. (*See* Doc. 6-4 at 6–11). Neither contention is persuasive.

#### 1. Plausible Allegations of Breach

To state a claim for breach of contract, RMC must plausibly allege that State Farm owed it a contractual obligation, and breached that obligation, causing RMC damages. *See Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1237 (11th Cir. 2019) (citing *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010)); O.C.G.A. § 13-6-1. State Farm asserts that RMC's claim fails at the breach element because it has not "provide[d] any factual basis that State Farm actually breached the insurance contract." (Doc. 6-4 at 6–7). State Farm

3

identifies two supposed deficiencies: (1) RMC fails to allege specific "coverage or coverages contained the policy[,]" and (2) RMC fails to identify "[t]he specific provision in the policy which would have compelled State Farm to make payment to [RMC]." (*Id.* at 7). Yet neither deficiency renders RMC's allegations defective.

The first claimed deficiency withers in the light of even a cursory review of the Complaint. The Court's review reveals that RMC alleges that three policies were issued by State Farm as to RMC's damaged properties, identifies those policies by Policy Number, and identifies the policy period for the referenced policy. (*See* Doc. 1-1 ¶¶ 3, 11, 19). For example, the 1108 Hazel Drive property is covered under Policy No. 91GPG8754, and was effective from November 16, 2022 through November 16, 2023. (*Id.* ¶ 3). For each policy, RMC separately alleges that "[t]he Policy provides coverage for hurricanes and/or wind damages." (*Id.* ¶¶ 4, 12, 18). It is thus plain that RMC does, in fact, allege specific coverage. And RMC's claimed losses due to a windstorm plainly fall under that coverage. This is more than sufficient to plausibly allege that State Farm breached a specific contractual obligation

Although the second claimed deficiency is initially more appealing, it is equally unavailing. To be sure, general assertions of a breach are insufficient alone to plausibly allege a claim for breach of contract. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1359 (11th Cir. 2020) (citing *Twombly*, 550 U.S. at 555). Such generalized assertions run afoul of *Iqbal* and *Twombly*, which prohibit "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Yet where the pleading alleges a specific provision or agreement breached, it complies with the *Iqbal*/*Twombly* plausibility standard. *See Bass*, 947 F.3d at 1359. RMC has done so here.

Specifically, RMC alleges that the policies covered damages from hurricanes and wind, (Doc. 1-1 ¶¶ 4, 12, 18), RMC suffered damages from a windstorm, (*id.* ¶¶ 5, 13, 21), and State Farm failed to properly compensate it as the policies required. (*Id.* ¶ 37) ("The Losses were suffered by RMC and are a covered loss under the Policies, which Defendant agreed to insure as per the State Farm Rental Dwelling Policy."). In other words, RMC has alleged the specific provisions breached by State Farm—the provisions which provided coverage for hurricanes/wind damage. As such, RMC identifies the breached provision with sufficient specificity to plausibly allege a breach.

In sum, the Court is unpersuaded that State Farm's proffered deficiencies render RMC's allegations of breach defective. Dismissal is thus not warranted on that ground.

### 2. Bad Faith Claim Demand Requirements

Turning to RMC's bad faith claim, under O.C.G.A. § 33-4-6, an insured who suffers a loss covered by an insurance policy may recover additional damages if the issuer of the policy refuses to pay in bad faith. To recover under § 33-4-6, RMC must show that (1) its claim is covered under the policy (2) it demanded payment from the insurer no less than sixty days prior to filing suit, and (3) State Farm's failure to pay was in bad faith. *Lavoi Corp. v. Nat'l Fire Ins. of Hartford*, 666 S.E.2d 387, 392 (Ga. Ct. App. 2008). State Farm takes issue with the second requirement, contending that, because RMC's demand letters gave only fourteen days to pay, rather than the statutory sixty days, RMC has failed to make a proper demand under § 33-4-6.

State Farm, however, misconstrues the § 33-4-6's demand requirement. Demand for payment is essential for recovery under § 33-4-6. *Cagle v. State Farm Fire & Cas. Co.*, 512 S.E.2d 717, 718 (Ga. Ct. App. 1999). But "no particular language is required[.]" *Primerica Life Ins. v. Humfleet*, 458 S.E.2d 908, 910 (Ga. Ct. App. 1995) (citing *Cotton States Mut. Ins. v. Clark*, 151 S.E.2d 780, 786 (Ga. Ct. App. 1966)). Instead, the language of the demand must only "be sufficient to alert the insurer that bad faith is being asserted." *Id.* (citing *Clark*, 151 S.E.2d at 786). This language must take the form of a statement, whether written or oral, to the insurer that (1) provides sufficient proof of a claim, (2) demands payment of said claim, (3) demands payment when payment is immediately due, and (4) provides notice to the insurer that it is facing a possible lawsuit." *Foliar Nutrients, Inc. v. Nationwide Agribusiness Ins.*, No. 1:14-CV-75 (WLS), 2016 WL 5796876, at *5 (M.D. Ga. Sept. 30, 2016) (citing *BayRock Mortg. Corp. v. Chi. Title Ins.*, 648 S.E.2d 433, 435 (Ga. 2007)). Notably absent from these elements, is a requirement that a demand for payment in a demand letter must be due the same day that the insured is authorized to file suit.

Having reviewed the demand letters,[1] the Court finds that they comply with the elements for a demand under § 33-4-6. In those letters, RMC, through Counsel, gives a brief

---

[1] Since the Letters (Docs. 6-1, 6-2, and 6-3) are central to RMC's claim, and their authenticity is not challenged, the Court finds it proper to consider them under the incorporation-by-reference doctrine. *See Speaker*, 623 F.3d at 1379.

5

explanation of the claims, the date of the losses, and a description of the event—Hurricane Idalia—which damaged the property. (*See* Docs. 6-1, 6-2, & 6-3). The letters go on to explain that RMC believes that State Farm significantly underpaid the full amount owed under the policies and that RMC intends to pursue "legal action to recover the damages." (*See id.*) As such, the Court finds that these letters satisfy the demand requirement of § 33-4-6.

Although RMC's demand letters give only fourteen days to pay the entire claim, that has no bearing on whether the demand was sufficient. Section 33-4-6 imposes a sixty day waiting period requirement before filing suit, but no requirement that a demand letter reflects that limitation. The only temporal requirement is that a plaintiff's demand be submitted no less than sixty days prior to filing a lawsuit. *See Lavoi*, 666 S.E.2d at 392. Here, RMC submitted the demand letters on April 15, 2024, (Docs. 6-1, 6-2, & 6-3), and sued more than sixty days later, on August 29, 2024. (*See generally* Doc. 1-1). RMC therefore complied with the sixty-day requirement. The fourteen-day period makes no difference.

Accordingly, the Court finds that dismissal is not warranted on the ground that RMC failed to comply with the demand requirement of § 33-4-6.

### D.    Conclusion: Motion to Dismiss

Having rejected both of State Farm's arguments for dismissal, the Motion to Dismiss (Doc. 6) is **DENIED**.

## IV.    MOTION FOR HEARING

State Farm moves for a hearing in relation to the instant Motion to Dismiss. (Doc. 7 at 1). However, the Court is not required to hold a hearing before resolving a motion to dismiss. *E.g.*, *Roberts v. FNB S. of Alma*, 716 F. App'x 854, 857 (11th Cir. 2017) (citing *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998)). And the Court does not find that one would be helpful in resolving the issues raised in the instant Motions, as they have been easily resolved without one. Accordingly, State Farm's Motion for Hearing (Doc. 7) is **DENIED**.

**SO ORDERED**, this 28th day of March 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATESDISTRICT COURT**